IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TYLER IVAN COOMBS,

        Plaintiff,

v.

UNITED SEATING AND MOBILITY LLC, d/b/a NUMOTION,

        Defendant.

---

**DEFENDANT UNITED SEATING AND MOBILITY LLC d/b/a NUMOTION'S NOTICE OF REMOVAL**

---

Defendant United Seating and Mobility LLC d/b/a Numotion ("Numotion"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes to this Court the above-captioned action ("Action") from the Denver County District Court of the State of Colorado. In support of this Notice of Removal, Numotion avers the following:

**I.    GROUNDS FOR REMOVAL**

1.    Plaintiff Tyler Ivan Coombs ("Plaintiff") filed his Complaint and Jury Demand ("Complaint") asserting a claim for negligence against Numotion in Denver County District Court in the civil action styled *Tyler Ivan Coombs v. United Seating and Mobility LLC, d/b/a Numotion,* Case No. 2025CV30533 ("State Court Action"), on February 11, 2025. The state court docket is attached as **Exhibit A**. Plaintiff's Civil Case Cover Sheet is attached as **Exhibit B**. Plaintiff's Complaint is attached as **Exhibit C**.

1

2.      The Complaint and Summons were served upon Numotion on February 12, 2025. Numotion is the only Defendant named in the Complaint.  The Return of Service on Numotion is attached as **Exhibit E**.

3.      This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Numotion has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4.      Numotion has not filed an Answer in the State Court Action.

**II.    <u>NUMOTION HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL</u>**

5.      Numotion files this Notice of Removal within thirty (30) days of service of the Complaint.  *See* 28 U.S.C. § 1446(b)(1). Thus, this removal is timely.  *See id.*

6.      Removal to the United States District Court for the District of Colorado is proper because it is "the district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).  This Court encompasses Denver County, the county in which the State Court Action is pending.  Therefore, venue is proper in this Court pursuant to 28 § U.S.C. 1441(a).

7.      For removal under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A). Numotion is the only defendant in this Action and hereby files this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as follows:

2

| | |
|---|---|
| Civil Case Cover Sheet: | **Exhibit B** |
| Complaint and Jury Demand: | **Exhibit C** |
| Summons on Numotion: | **Exhibit D** |
| Return of Service on Numotion: | **Exhibit E** |
| Numotion's Unopposed Motion for a Three-Week Extension of Time to Respond to the Complaint: | **Exhibit F** |
| Order Granting Numotion's Unopposed Motion for a Three-Week Extension of Time to Respond to the Complaint: | **Exhibit G** |

9.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed in the State Court Action.

10.     Numotion has not yet filed a response to the Complaint in the State Court Action. Numotion certifies that there are no pending motions or petitions in the State Court Action and no hearings have been set.  *See* Exhibit A.

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11.     Federal courts have original jurisdiction over actions in which there is complete diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).  This Action meets those two requirements.  Additionally, it may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that Numotion is not now, nor was it at any time material to this matter, a citizen of the State of Colorado.

### A.    There Is Complete Diversity Among the Parties

12.     <u>Plaintiff's Citizenship</u>.  For the purposes of diversity jurisdiction, an individual is a citizen of a state if the person is domiciled there. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  Residence is prima facie evidence of domicile.  *See State Farm Mut. Auto Ins.*

*Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"). A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). Plaintiff alleges that he is, and at all times material to this matter was, a resident of the State of Colorado. (Exhibit C, ¶ 4.)

13. <u>Numotion's Citizenship</u>. For diversity purposes, the citizenship of a corporation is "every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The "principal place of business" means the corporate headquarters where a corporation's high-level officers direct, control and coordinate its activities on a day-to-day basis, also known as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010) (rejecting all prior tests in favor of the "nerve center" test).

14. United Seating and Mobility, L.L.C. is a Limited Liability Company organized under Missouri state law, with its principal place of business in Brentwood, Tennessee. (**Exhibit H**, Missouri Secretary of State business entity summary for United Seating and Mobility, L.L.C.) Numotion is therefore a citizen of Missouri and Tennessee. It is not now, nor at any time material to this matter, a citizen of the State of Colorado for purposes of 28 U.S.C. §1332(c)(1).

15. There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1) because no Plaintiff is a citizen of the same state as any Defendant.

**B.     The Amount in Controversy Exceeds $75,000**

16. The amount in controversy in this case exceeds $75,000, excluding interest and costs.

4

17.    Shortly prior to filing this case, Plaintiff made a settlement demand of over one million dollars.

18.    Furthermore, in the Civil Cover Sheet for the Complaint filed in Denver County District Court, Plaintiff states that he seeks a monetary judgment over $100,000. (Exhibit B, ¶ 2.)

19.    "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20.    In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21.    When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. §

1446(c)(3)(A).

22.    Pursuant to Colo. R. Civ. P. 8(a), "[e]ach pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

23.    Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $100,000, exclusive of interests and costs, by the filing of his Civil Case Cover Sheet stating that he seeks "a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorneys fees, interest and costs…." (Exhibit B, ¶ 2).

24.    The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).  The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings."  *Id.*

25.    Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

26.    Thus, Plaintiff's claim for damages exceeds the requisite amount in controversy for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## IV.     NON-WAIVER OF DEFENSES

27.     By removing this Action from the Denver County District Court, Colorado, Numotion does not waive any defenses available to it and reserves the right to assert all such defenses in its responsive pleading.

28.     By removing this Action from the Denver County District Court, Colorado, Numotion does not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendant United Seating and Mobility LLC d/b/a Numotion removes the above-captioned Action from the Denver County District Court, Colorado, to the United States District Court for the District of Colorado.

Dated this 13th day of March 2025.

CHILDS MCCUNE LLC

*/s/ Jordan Lipp*
Jordan Lipp, #34672
821 17th Street, Suite 500
Denver, CO 80202
Tel.: (303) 296-7300
Email: jlipp@childsmccune.com

*Attorneys for United Seating and Mobility LLC*
*d/b/a Numotion*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, the foregoing **DEFENDANT UNITED SEATING AND MOBILITY LLC d/b/a NUMOTION'S NOTICE OF REMOVAL** was served via CM/ECF on the following:

Jonathan F. Schmauder
JF Schmauder & Associates Ltd.
2000 S Colorado Blvd., Suite 2000
Denver, CO 80222
Email: *jfschmauder@schmauderlaw.com*

*Attorneys for Plaintiff*

/s/ Becky Pryor
Becky Pryor

8